IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONCEY FRANK BOYKIN, )
 )
    Defendant/Movant, )
 )
v. ) CIVIL ACTION NO. 03-H-8051-S
 ) CR NO. 00-H-0188-S
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## MEMORANDUM OPINION

This matter is before the court on Defendant Doncey Frank Boykin's second motion to vacate, set aside, or correct his conviction and sentence. (Doc. 47).[1] Upon consideration, the court finds that the application is due to be dismissed without prejudice.

## BACKGROUND

Boykin was convicted following a jury trial on August 28, 2000, on the charge of possessing a firearm after being convicted of a felony. *See* 18 U.S.C. § 922(g)(1). He was sentenced on November 3, 2000, as an armed career criminal, premised on the fact that he had three prior qualifying violent felonies. *See* 18 U.S.C. § 922(e).[2] He was sentenced to serve 235 months in prison, with a supervised release period of five years following his release, and a fine

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case.

[2] 18 U.S.C. § 924(e) provides, in pertinent part, as follows:

    In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

of $3,000.00. (Ex. C at pp. 7-8; Ex. D).[3] His conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals on November 3, 2000, in an unpublished opinion. (Ex. E).

Following the denial of relief on appeal, the petitioner filed his first motion to vacate, set aside, or correct his sentence on February 7, 2002. On December 17, 2002, the court denied the motion. (Ex. G). The defendant did not appeal the denial of relief.

On December 30, 2003, Boykin filed the present motion. He asserts that he should be resentenced as a non-armed career criminal because one of his prior Jefferson County Circuit Court convictions (second degree robbery in CC 87-2029) was vacated by the Alabama Court of Criminal Appeals and ultimately dismissed by the lower court on October 17, 2003. (Doc. 47, Case Action Summary). The court required the United States to file a response. In its response, the United States asserts that the defendant's motion should be dismissed because he has not obtained permission from the United States Court of Appeals for the Eleventh Circuit to file a successive motion under § 2255. (Doc. 52 at p. 3). The court afforded the defendant an opportunity to respond. He has filed a lengthy response, but does not address the procedural issue raised by the United States. (Doc. 54).

## DISCUSSION

The law is clear that a successive motion pursuant to § 2255 may not be reviewed by this court unless the defendant first obtains permission from the Court of Appeals for the Eleventh Circuit to file the same.[4] It is undisputed that the defendant has not obtained the requisite

---

[3] The exhibits are located at document 53.

[4] The relevant statute provides, in pertinent part, as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

2

permission. Because the defendant has not satisfied this jurisdictional requirement, this court is without jurisdiction to entertain his motion.

## CONCLUSION

Premised on the foregoing, the motion to vacate is due to be dismissed without prejudice. An appropriate order will be entered.

---

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 at ¶ 8.

> 28 U.S.C. § 2244 provides, in pertinent part, as follows:
>
> (b) . . .
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b).

**DONE**, this the 27th day of January, 2005.

*James W. Hancock*

JAMES H. HANCOCK
SENIOR UNITED STATES DISTRICT JUDGE