**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**       )

**v.**       )

                                      **2:00-CR-188-JHH-JEO**

**DONCEY FRANK BOYKIN,**       )

**MEMORANDUM OF OPINION REGARDING ORDER DENYING
MOTION TO REDUCE TERM OF IMPRISONMENT**

On June 1, 2000 a single count indictment was filed against movant charging him with a single violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. On August 28, 2000 a jury found defendant guilty, and on November 3, 2000 he was sentenced as an armed career offender under 18 U.S.C. § 924(e)(1) to a custodial sentence of 235 months, which was the low end of the relevant guideline range. On March 31, 2008 movant, acting pro se, filed a motion (Doc. #61) seeking a reduction in that sentence under 18 U.S.C. § 3582(c). The relief is sought pursuant to the retroactive crack cocaine amendment to the Sentencing Guidelines which became effective on November 1, 2007, and the amendment to U.S.S.C. Guideline § 1B1.10 which, as of March 3, 2008, made that crack cocaine amendment apply to all relevant sentences, old and new (all herein referred to as the "Crack Amendment").

Since the Crack Amendment did not and could not have any effect on the single sentence movant received for his conviction under 18 U.S.C. § 922(g)(1), movant is not entitled to relief under the Crack Amendment. Movant's conviction and sentence simply has no nexus to the Crack Amendment, and he is not eligible for considerations under 18 U.S.C. § 3582(c) or U.S.S.G. § 1B1.10.

A separate order will be entered denying the motion as set forth herein. Movant's attention is directed to the 'Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding. A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P*. 4(b)(1)(A)(i). If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. That status will be granted for appeal purposes. If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2)

motion is filed.  The Clerk is DIRECTED to provide the movant with an application to proceed *in forma pauperis*.

**DONE** this the   19th   day of May, 2008.

　　　　　　　　　　　　　　　　_James W. Hancock_
　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE